**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Chauncey Alexander HOLLIS, Defendant–Appellant.**

**No. 01–6289.**

United States Court of Appeals, Fourth Circuit.

Submitted April 13, 2001.

Decided April 30, 2001.

Chauncey Alexander Hollis, pro se. Paul Alexander Weinman, Assistant United States Attorney, Greensboro, NC, for appellee.

Before LUTTIG and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

PER CURIAM.

Chauncey Alexander Hollis appeals the district court's order denying relief on his motion filed under Fed.R.Civ.P. 60(b). Hol-

lis sought reconsideration of the court's order granting relief under 28 U.S.C. § 2241 (1994), and vacating his conviction for using or carrying a firearm in light of *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995),* on the grounds that the court should have resentenced him on his conspiracy conviction and that counsel provided ineffective assistance at the original sentencing hearing. We have reviewed the record and the district court's opinion denying Hollis' Rule 60(b) motion and find no abuse of discretion. *CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 401 & n. 2 (4th Cir.1995) (finding that where Rule 60(b) motion seeks reconsideration of legal issues, motion is not authorized by Rule 60(b), and rejection of motion is not an abuse of discretion). Accordingly, we affirm the denial of reconsideration on the reasoning of the district court. *United States v. Hollis*, Nos. CR–91–116; CA–98–305–1 (M.D.N.C. Dec. 13, 2000). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*

---

* Hollis states in his informal brief filed in this court that he seeks to appeal the order granting § 2241 relief. Although Hollis' informal brief could be construed as a notice of appeal, *Smith v. Barry*, 502 U.S. 244, 248, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992), the brief was filed well beyond the applicable appeal period. Fed.R.App.P. 4(a)(1). Thus, we do not have jurisdiction to review the underlying judgment and express no opinion as to its validity.